**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tattygul Aydekova,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

No. CV-26-02531-PHX-DWL (DMF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 4 at 3).[1]

## I. BACKGROUND, PROCEDURAL POSTURE, AND HABEAS CLAIMS

Petitioner Tattygul Aydekova ("Petitioner" and/or "Aydekova") initiated these proceedings by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her immigration detention ("Petition") (Doc. 1). In the Order screening the Petition, the Court recounted:

> Petitioner is a native of Kyrgyzstan and citizen of Russia who entered the United States seeking asylum on October 31, 2024 pursuant to an

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-26-02531-PHX-DWL (DMF).

> appointment made through the CBPOne app and was immediately taken into custody. After being given a positive credible fear interview, Petitioner was referred to an immigration judge (IJ) to consider her asylum application. On July 18, 2025, an IJ ordered Petitioner removed from the United States. Petitioner appealed that order, and that appeal remains pending as of the date of this Order. As such, Petitioner argues she has been subjected to prolonged detention in violation of the Fifth Amendment and the Immigration and Nationality Act.

(Doc. 4 at 1). The Court ordered Respondents to answer the Petition (*Id.* at 3).

On May 11, 2026, Respondents filed an Answer to Petition for Writ of Habeas Corpus asking the Court to deny the Petition ("Answer") (Doc. 11). Petitioner has not filed a reply and her time to do so has expired (*see* Doc. 4 at 3 (permitting Petitioner to file a reply within ten days of service of an answer)).

The parties agree that Petitioner is a native and citizen of Kyrgyzstan who presented herself at a port of entry on October 31, 2024, for a CBP One appointment (Doc. 1 at 1-2, 8; Doc. 11 at 1). Petitioner was placed into expedited removal proceedings and was taken into immigration custody pending removal proceedings (Doc. 1 at 2; Doc. 6 at 1). On July 18, 2025, an Immigration Judge ("IJ") ordered Petitioner removed (Doc. 1 at 8; Doc. 6 at 1). Petitioner timely appealed the IJ's removal order and the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on April 24, 2026 (Doc. 1 at 8; Doc. 6 at 1-2). A copy of the BIA's order is attached to Respondents' Answer (Doc. 11-1). Petitioner avers that she has remained in immigration detention since October 31, 2024 (Doc. 1 at 2).

In her Petition, Petitioner argues that her prolonged detention under 8 U.S.C. § 1225(b) without a bond hearing violates the Due Process Clause of the Fifth Amendment (Doc. 1 at 8-12). Petitioner also argues that under the doctrine of constitutional avoidance, the Court should construe § 1225(b) to permit only reasonably brief detention, extendable only if the government shows justification for detention at a bond hearing (*Id.* at 13-19). Petitioner finally argues that the Court should hold that applicability of § 1225(b) is limited to the period between an alien's arrest and commencement of her removal proceedings (*Id.* at 19-23). For relief, Petitioner asks the Court to grant her Petition, order her immediate release or alternatively order a bond hearing, award Petitioner reasonable attorneys' fees

and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and grant further relief as the Court deems just and proper (*Id.* at 24).

In their Answer, Respondents argue that Petitioner's removal order is now final and therefore statutory detention authority has shifted to 8 U.S.C. § 1231 (Doc. 11). Respondents argue that Petitioner's removal order became administratively final on April 24, 2026, when the BIA dismissed Petitioner's appeal (*Id.* at 2). At the time Respondents filed their Answer, Petitioner had been detained for seventeen days subject to a final removal order and therefore Respondents assert that Petitioner falls within the 90-day mandatory detention period in 8 U.S.C. § 1231(a)(2)(A) (*Id.* at 3).

## II. DISCUSSION

### A. Jurisdiction

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Generally, "challenges to the statutory framework that permits the alien's detention without bail," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018), "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), and "[c]laims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). Thus, this Court has jurisdiction over the Petition.

### B. Petitioner's Detention is Not Unlawful

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). As relevant here, the 90-day removal period begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Section 1231 authorizes the detention of inadmissible aliens subject to

a final order of removal "during" and "beyond" the 90-day "removal period." 8 U.S.C. § 1231(a)(2), (a)(6).

Undersigned agrees with Respondents' assertion that Petitioner's detention is now governed by § 1231. An IJ ordered Petitioner's removal on July 18, 2025, and the BIA dismissed Petitioner's appeal on April 24, 2026. Accordingly, Petitioner's removal order became administratively final on April 24, 2026, beginning the 90-day removal period. *See* 8 C.F.R. § 1241.1(a). Under § 1231(a)(2)(A), Petitioner's detention was mandatory from April 24, 2026, through July 23, 2026.

Although there is no statutory limit to the length of detention beyond the removal period, the Supreme Court in *Zadvydas* held that an alien's post-removal-period detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States. [Section 1231] does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). More specifically, the alien may be detained for up to six months, after which the alien will be released "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the Government fails to rebut the alien's showing. *Id.* at 701.

Here, Petitioner has been detained for approximately four months after her order of removal became administratively final. Petitioner's detention therefore is "presumptively reasonable" because it has not yet exceeded the six-month period adopted by the Supreme Court in *Zadvydas*. 533 U.S. at 701. Moreover, Petitioner has not established that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, Petitioner is not presently entitled to any relief.

**C. Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Attorney's Fees and Costs**

In her Petition, Petitioner requests an award of attorneys' fees and costs (Doc. 1 at 24). Petitioner's request for EAJA fees should be denied because Petitioner is not entitled to relief in this matter. *See* 28 U.S.C. § 2412 (authorizing a court to award fees to a "prevailing party"). Further, Petitioner is pro se arguing on her own behalf, providing no

evidence of fees or costs expended.

## III. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to any relief and the Petition should be denied.

Accordingly,

**IT IS RECOMMENDED** that no relief be granted to Petitioner in this matter, that the Petition (Doc. 1) be denied, and that the Clerk of Court be directed to terminate this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 20th day of August, 2026.

Deborah M. Fine

Honorable Deborah M. Fine
United States Magistrate Judge